J. S61013/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                              :          PENNSYLVANIA
                  v.            :
                              :
JOSEPH M. McQUADE, SR.,       :      No. 37 WDA 2014
                              :
          Appellant     :

Appeal from the Judgment of Sentence, November 25, 2013,
in the Court of Common Pleas of Jefferson County
Criminal Division at No. CP-33-CR-0000235-2013

BEFORE:  FORD ELLIOTT, P.J.E., WECHT AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED OCTOBER 20, 2014**

Joseph M. McQuade, Sr., appeals from the judgment of sentence of November 25, 2013, following his conviction of multiple counts of aggravated indecent assault, indecent assault, unlawful contact, and corruption of minors.  We affirm.

The charges related to appellant's sexual abuse of his 13-year-old daughter, N.M.  Initially, appellant entered into a negotiated guilty plea; however, he was permitted to withdraw that plea prior to sentencing.  The matter proceeded to a non-jury trial on October 28, 2013, following which appellant was found guilty of all charges, including four counts each of aggravated indecent assault and aggravated indecent assault of a person less than 16 years of age.  On November 25, 2013, appellant received an aggregate sentence of 48 to 148 years' incarceration.  Post-sentence

_____
* Retired Senior Judge assigned to the Superior Court.

motions were denied, and this timely appeal followed. Appellant complied with Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion.

Appellant has raised the following issue for this court's review:

> Whether the verdict was against the weight of the evidence and should shock the conscience of this Court where: the victim repeatedly contradicted herself (and was contradicted by other witnesses), concerning when and where the alleged acts of molestation occurred; where the victim had previously told her mother the allegations against appellant were fabrications; and where [the] victim's earlier physical demonstration of where she was touched indicated there was no "penetration, however slight?"

Appellant's brief at 21.[1]

> A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice.
>
> ***Commonwealth v. Lyons***, ___ Pa. ___, 79 A.3d 1053, 1067 (2013).
>
> The Pennsylvania Supreme Court has reiterated the proper standard of review of a weight claim as follows:
>
> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial

---

[1] In his Rule 1925(b) statement, appellant also raised a discretionary aspects of sentencing claim, which has been abandoned on appeal.

should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail."

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.* Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that

- 3 -

the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Clay***, ___ Pa. ___, 64 A.3d 1049, 1054–1055 (2013) (citations omitted) (emphasis in original).

*Commonwealth v. Orie*, 88 A.3d 983, 1015-1016 (Pa.Super. 2014). "The uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant." *Commonwealth v. McDonough*, 96 A.3d 1067, 1069 (Pa.Super. 2014), citing *Commonwealth v. Charlton*, 902 A.2d 554, 562 (Pa.Super. 2006).

Appellant argues that the Commonwealth failed to prove the "penetration, however slight" element of aggravated indecent assault.[2] According to appellant, the victim's testimony was inconsistent and not credible. Appellant states that earlier, when these incidents happened, the victim demonstrated for her mother, Teresa, where appellant had touched

---

[2] Except as provided in sections 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:

(1) the person does so without the complainant's consent;

or

(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3125(a)(1), (8).

her. At that time, the victim indicated that appellant touched her below her panty line but did not penetrate her vagina. Appellant also argues that the victim was angry at appellant and had a motive to lie.

The victim, N.M., testified that appellant digitally penetrated her vagina on at least four separate occasions, in the shower, on the couch, in her bedroom, and in her mother's bedroom. (Notes of testimony, 10/28/13 at 43-44, 46-49, 51-52.) N.M. was unequivocal in her testimony that appellant placed his finger inside her vagina, describing the motion as "up and then down and went inside." (*Id.* at 52.)

Teresa McQuade, N.M.'s mother, testified that N.M. told her appellant touched her below her panty line while rubbing her belly. (*Id.* at 83.) Teresa asked N.M. to show her where appellant touched her. (*Id.* at 105.) They went into the bathroom, where N.M. removed her clothing and indicated that appellant touched her just above her vulva. (*Id.* at 105-108.) Teresa testified that N.M. specifically denied that appellant inserted anything into her vagina. (*Id.* at 108.) Later, N.M. told Teresa that she made up the allegations because she was angry at appellant. (*Id.* at 96-97.)

Appellant took the stand in his own defense. Appellant described his relationship with N.M. as "rocky," and testified that N.M. wanted him out of her life. (*Id.* at 158, 162.) According to appellant, N.M. resented the fact that he was a strict disciplinarian. (*Id.* at 163.) Appellant admitted that, occasionally, he would assist N.M. in the shower. Appellant testified that

N.M. had trouble rinsing the conditioner out of her hair. (*Id.* at 170.) Appellant also testified that N.M. had a yeast infection, and he had to apply ointment to her genital area. (*Id.* at 164-168.)

Appellant's testimony in this regard was contradicted by Teresa, who testified that N.M. had a yeast infection on one occasion, caused by an adverse reaction to fragrance in the type of bubble bath they were using, but that appellant never applied any ointment to her genital area. (*Id.* at 87-88.) Teresa testified that she applied the ointment. (*Id.* at 89.) Teresa also testified that N.M. did not need any help in the shower. (*Id.* at 91.)

The trial court, sitting as finder-of-fact, found N.M.'s testimony to be credible and convincing and did not believe appellant's self-serving testimony that he had to apply ointment to N.M.'s genital area for a good-faith medical purpose. (Trial court opinion, 2/12/14 at 2.) The trial court did not accept appellant's argument that N.M. fabricated these allegations because she was angry. (*Id.*) In fact, N.M. admitted that she disliked appellant but specifically denied lying to get him out of the house. (Notes of testimony, 10/28/13 at 66, 74-75.)

Although, pointing to Teresa's testimony, appellant characterizes N.M.'s account of these incidents as inconsistent, her trial testimony was extremely consistent on the crucial issue of penetration. N.M. testified that on each occasion, appellant placed his finger inside her vagina. (*Id.* at 46, 49, 51-52, 63, 75.) In addition, N.M. related these incidents to her teacher

and the school nurse. (*Id.* at 126-150.) Clearly, the trial court found N.M.'s testimony to be credible and convincing. It was within the exclusive province of the trial court as fact-finder to resolve conflicts in the testimony and to believe all, part, or none of the evidence. *Charlton*, *supra*. The trial court did not abuse its discretion in denying appellant's motion for a new trial based on the weight of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2014